1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   JOEL THOMAS TOLER,                    Case No. 19-cv-05810-HSG

8            Plaintiff,                   **ORDER TO SHOW CAUSE WHY MOTION SHOULD NOT BE GRANTED**

9        v.

10  PAUL GOSPODARCZYK, et al.,            Re: Dkt. No. 4

11           Defendants.

12

13       On October 25, 2019, Defendants filed a motion to dismiss.  Dkt. No. 4.  To date, Plaintiff

14  has not filed his opposition, which was due by November 8, 2019.

15       In general, an opposition must be filed and served "not more than 14 days after the motion

16  was filed."  L.R. 7-3(a).  The Court may interpret a failure to oppose a motion as a concession that

17  the motion should be granted.  *See GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013

18  WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing plaintiff's failure to oppose defendant's

19  argument as a concession of said argument); *see also Marziano v. Cty of Marin*, No. C-10-2740

20  EMC, 2010 WL 38955258, at *4 (N.D. Cal. Oct. 4, 2010) (interpreting plaintiff's failure to oppose

21  defendant's motion to dismiss as a concession that the claim at issue should be dismissed).

22       Because Plaintiff failed to oppose Defendants' motion within the mandated period of 14

23  days, the Court may, in its discretion, grant Defendants' motion.  *See Marziano*, 2010 WL

24  38955258, at *4.  The Court thus **ORDERS** Plaintiff to show cause by November 21, 2019 why

25  Defendants' motion should not be granted in light of Plaintiff's failure to oppose the motion.

26       **IT IS SO ORDERED.**

27  Dated:  11/14/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

28